# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30868
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2015

Lyle W. Cayce
Clerk

KAREN ANN POWERS ARTERBURN,

Plaintiff-Appellant

v.

BRADFORD HYDE FELDER; LAW FIRM OF HUVAL VEAZEY FELDER & RENEGAR; THOMAS H. HUVAL; ANDY VEAZEY; DONA RENEGAR; STEFINI SALLES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-1959

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pro se litigant Karen Ann Powers Arterburn moves for leave to proceed in forma pauperis (IFP) on appeal. She wishes to challenge the summary judgment dismissal of a diversity legal malpractice suit.

A movant for IFP on appeal must show that she is a pauper and that she will present a nonfrivolous issue on appeal. *See Carson v. Polley,* 689 F.2d 562,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

586 (5th Cir. 1982).  Arterburn has shown that presently she is financially eligible to proceed IFP.

Arterburn asserts that she was denied a full and fair hearing in the legal malpractice suit.  She contends that the district court did not have sufficient evidence before it to render judgment, she was not allowed to review the record before the hearing to verify that all of her evidence had been filed in the record, and she was not allowed to give her prepared oral argument.  She complains specifically that she was not allowed to present the transcript of a state court September 15, 2011 hearing that was not attended by her legal counsel, Bradford Felder, and a letter from the Louisiana Attorney Disciplinary Board regarding Felder's failure to appeal timely a state court order that denied Arterburn final spousal support.  Further, she contends that at the summary judgment hearing, the district court questioned her extensively about prior testimony that she had no opportunity to review, and she was not permitted to rebut the evidence.  Last, Arterburn argues that no accommodations were made for her disability and her thought processes were diminished due to the length of the hearing and the fact she had no lunch.

We review a grant of summary judgment de novo and apply the same standard as the district court.  *Nickell v. Beau View of Biloxi, LLC*, 636 F.3d 752, 754 (5th Cir. 2011).  The movant must show that there is no genuine dispute as to any material fact and that she is "entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  In order to defeat the motion, the opposing party must set out specific facts showing a genuine factual dispute for trial.  *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014).

The record contradicts Arterburn's arguments that she was denied due process during the summary judgment proceedings.  A copy of the alleged missing letter and transcript were included in the record.  The record shows

that the district court reviewed pleadings, discussed the allegations of legal malpractice, permitted Arterburn to present arguments, and afforded numerous opportunities for Arterburn to show any damage sustained. There is no indication that Arterburn was not competent to proceed. This claim does not present a nonfrivolous issue for appeal. *See Carson,* 689 F.2d at 586. In addition, Arterburn's contention regarding the district court's statement that the defendants intended to refund her legal payments is refuted by the record and is frivolous.

Next, according to Arterburn, Felder committed legal malpractice when he failed to appear timely for the state court hearing on September 15, 2011, to address her former husband's motion to refinance a matured loan on the family home. The defense presented evidence that the failure to refinance by the deadline might result in the loss of the loan commitment and possibly foreclosure. The state court allowed the immediate refinancing of the mortgage without Arterburn's consent because it found such action was in the best interest of the community and that Arterburn would not be prejudiced. Arterburn did not provide any information showing that she was prejudiced by the immediate refinancing under the same terms as the original mortgage. Thus, Arterburn failed to raise a genuine dispute of material fact regarding whether Felder committed legal malpractice under Louisiana law. *See MB Industries, LLC. v. CNA Ins. Co.*, 74 So. 3d 1173, 1184 (La. 2011). The grant of summary judgment on this issue does not raise a nonfrivolous issue for appeal. *See Carson,* 689 F.2d at 586.

Last, Arterburn asserts that the record does not show that she would not have been successful in an appeal from the order denying her final spousal support. While admitting that Felder was negligent in failing to file a timely appeal, the defense argued that Arterburn could not show that the appellate

3

court would have reversed the trial court's finding that she was not free from fault in the breakup of the marriage and, thus, she could not show that she suffered damage from counsel's failure to file a timely appeal.

Under Louisiana law, if a client has shown that her counsel's negligence caused the loss of the opportunity to assert a claim, an inference of causation of damages resulting from the lost opportunity for recovery arises. *Jenkins v. St. Paul Fire & Marine Ins. Co.*, 422 So.2d 1109, 1110 (La. 1982). The appellate court must then determine whether the negligent counsel has met his burden of producing sufficient proof to overcome the plaintiff's prima facie case. *Id.*

The state trial court relied on testimony from a psychologist to find that Arterburn was not without fault for the failure of the marriage; the court also found that Arterburn's testimony was not credible. The defendants presented the evidence introduced at the state court hearing on fault to rebut Arterburn's prima facie showing of negligence, and Arterburn did not provide any information showing that she would have been successful in reversing the state trial court's credibility findings on the issue of fault if her appeal had been timely filed in the state court. *See Gisleson v. Deputy,* 122 So. 3d 1089, 1095 (La. Ct. App. 2013). The district court concluded that there was no evidence that the state trial court's finding of fault would have been reversed on appeal. Arterburn failed to raise a genuine dispute of material fact regarding the validity of this claim and, thus, the district court's grant of summary judgment on this claim does not raise a nonfrivolous issue for appeal. *See Carson,* 689 F.2d at 586.

Because Arterburn has failed to raise a nonfrivolous issue on appeal, the motion for leave to proceed IFP is DENIED. The appeal is DISMISSED as frivolous. *See* 5th Cir. R. 42.2. All outstanding motions are DENIED.